# Order

Michigan Supreme Court
Lansing, Michigan

October 11, 2019

158098

PEOPLE OF THE STATE OF MICHIGAN,
　　　　Plaintiff-Appellee,

v

ERIC MIGUEL DOWDY,
　　　　Defendant-Appellant.
_____/

SC: 158098
COA: 343551
Wayne CC: 86-006219-FC;
86-006250-FH

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

By order of February 4, 2019, the prosecuting attorney was directed to answer the application for leave to appeal the May 24, 2018 order of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).

CAVANAGH, J. (*concurring*).

I concur in the denial of leave to appeal in this case, but write separately to highlight particular circumstances I believe should be considered in future Parole Board decisions.

In 1987 defendant was sentenced for two second-degree murder convictions to terms of 30 to 45 years' imprisonment, to be served concurrently to each other and consecutively to 2-year sentences for two felony-firearm convictions. At that time, conventional thinking was that parole would be achieved earlier from a parolable life sentence than from the effective 32-year minimum term defendant had received. Defendant's attorney filed a motion for resentencing seeking a parolable life sentence. Indeed, defendant had a sentencing agreement to that effect in one of his cases. The trial court granted the motion, converting defendant's sentence to parolable life.

However, the Parole Board's practices changed before it considered defendant's case. See Yantus, *Sentence Creep: Increasing Penalties in Michigan and the Need for*

*Sentencing Reform*, 47 U Mich J L Reform 645, 690 (Spring 2014) (noting that, "[a]lthough many sentencing judges imposed a life sentence before 1992 with the assumption that the inmate would be eligible for parole, and presumptively released on parole after twelve to twenty years, [after 1992] this was no longer the state's practice"). Thirty-two years later, after his original 32-year minimum sentence would have ended, defendant remains in prison. The Parole Board has many factors to weigh in each of its decisions, to be sure. But when the Parole Board next considers this case, it might also consider that the trial court may have intended this defendant to have been paroled already.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 11, 2019

Clerk

p1008